## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| **CENTRAL BAPTIST CHURCH** | ) | |
| **OF ALBANY GEORGIA, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 1:16-cv-231(LAG)** |
| | ) | |
| **CHURCH MUTUAL** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION IN LIMINE AND BRIEF TO EXCLUDE OPINION EVIDENCE PRESENTED BY HOWARTH

COMES NOW Defendant, **Church Mutual Insurance Company** ("Church Mutual"), the insurer, in the above-captioned matter, by and through its counsel of record, and requests that the Court enter an Order in Limine, before selection of the jury, to prevent any discussion at trial by Plaintiff, Central Baptist Church of Albany ("Central Baptist"), the insured, or any of its witnesses of any opinions by Charles "Chuck" Howarth ("Howarth") relating to any damage to Central Baptist's property caused by the December 23, 2014 storm event.

Howarth was initially identified as an expert in accordance with Fed. R. Evid. 26(a)(2)(B) who would testify as to the "scope and amount of the loss, the method of repair, and the cost of repair/replacement of the damaged roofs and

other components," and offer his opinions "concerning the estimates produced by Church Mutual's consultants." *See* Expert Disclosures of Plaintiff Central Baptist Church of Albany, Georgia, Inc., p. 3, attached hereto as Exhibit "A."  Howarth did not provide an expert report in satisfaction of Rule 26(a)(2)(B) requirements. At the end of Howarth's deposition, April 13, 2018, counsel for Central Baptist declared "[Howarth] won't testify as an expert about appraisal.  He may testify as a fact witness." (Howarth Depo., p. 129 – Dkt. – 76-1.) This motion is *not* based on Daubert principles.

Even if Howarth is offered as a "fact" witness, his opinions, conclusions and estimate to storm damage to Central Baptist roofing system are cumulative (pursuant to Fed. R. Evid. 403) of Central Baptist's experts, (1) Thomas Irmiter ("Irmiter"), President of Forensic Building Science ("FBS") set forth in Irmiter's report (Exh. 63 – Dkt. 88-18; Exh. 64 – Dkdt. 88-19) and that of (2) Austin Burton ("Burton") of Mid-South Construction ("MidSouth").

Specifically, Church Mutual requests the Court to instruct Central Baptist, its attorney and witnesses, not to directly or indirectly mention, refer to, or attempt to convey to the jury in any manner, whether by offering documents or testimony, including during voir dire, opening statement, questioning of witnesses, and closing argument regarding Howarth's opinions and estimate of loss from storm

damage, or anyone else's estimate, to the Central Baptist's roofing system. Further, Church Mutual requests the Court instruct Central Baptist's attorneys to warn and caution their client and each witness to strictly follow any order entered by the Court in connection with this motion.

Admission of cumulative evidence and will confuse the jury on the relevant issues, waste the time of the Court, the jury and the parties.

## FACTUAL BACKGROUND

On December 23, 3014, a storm in and around Albany, Georgia allegedly damaged Central Baptist's property.  Apparently, Central Baptist initially engaged The Howarth Group ("THG") and Howarth for the insurance appraisal process and signed an agreement on October 20, 2015.  (Exh. 50 – Dkt. 88-14.).  Howarth is the President and Founding Partner of THG in Franklin, Tennessee.

Central Baptist also hired Austin Burton of MidSouth who prepared estimates of alleged roof damage dated October 30, 2105, December 14, 2015 and June 7, 2016. (Burton Depo., pp. 17-18, 63-64, 105-106 – Dkt. 79-1).

In June 2016, Howarth visited Central Baptist.  (Howarth Depo., pp. 8-9, 13 – Dkt. 76-1.)  He went alone, talked to no one at Central Baptist, and spent about an hour walking a section of the asbestos tile roofs and a section of the shingle roofs to observe and become familiar with the storm damage to the roofs.  (Id. at

pp. 9-10, 13, 17.)  He took no photographs, no measurements and no notes. (Id. at pp. 11, 17.)

Howath testified he had no reason to take photographs or to walk the roofing system because that is what FBS, Irmiter, was hired to do as an expert. (Howarth Depo., pp. 18-19 – Dkt. 76-1.) Howarth's opinions about the storm damage to the roofs exactly tracks the analysis by FBS. (Id. at p. 21.)  Howarth completely agrees with Irmiter's analysis as described in his expert report. (Id. at pp. 21, 23-24.)

With respect Howarth's roofing repair estimate is almost identical to that of Burton although their totals differ slightly.   As such, any opinion that Central Baptist might solicit from Howarth regarding damage to Central Baptist's roofing system caused by the December 23, 2014 storm event should be excluded as cumulative evidence of Irmiter's testimony and expert report, as well as MidSouth's estimates.  Fed. R. Evid. 403.

## ARGUMENT AND CITATION OF AUTHORITIES

### A.   Motion in Limine – General.

The purpose of a pretrial motion in limine is "to exclude anticipated prejudicial evidence before the evidence is actually offered" at trial.  Luce v. United States, 469 U.S. 38, 40 n.2, 105 S. Ct 460, 83 L. Ed. 2d 443 (1984).  A "court will grant a motion in limine if the evidence in question is clearly

inadmissible." Wilson v. Pepsi Bottling Gp., Inc., 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009). Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Even if the evidence is relevant, a court may exclude it "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## B. Howarth's Opinions of Scope and Extent of Loss Presents Needless Cumulative Evidence.

The court has broad discretion when determining the admissibility of evidence. Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315 (11th Cir. 2005). When the probative value of relevant evidence is outweighed by the needless presentation of cumulative evidence, then the court may exclude the evidence. Fed. R. Evid. 403. As is often quoted, "Rule 403's major function is 'limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" Aycock v. R.J. Reynolds Tobacco Co., 769 F.3d 1063, 1069 (11th Cir. 2014) (quoting United States v. Meester, 762 F.2d 867, 875 (11th Cir. 1985)). Howarth's opinions about the 2014 storm damage to Central Baptist's roofs is cumulative and of scant probative value since relied on his own expert to support his opinion for the damage to the roofing system.

Howarth admits his opinions are the same as those expressed by Irmiter in his report. (Howarth Depo., pp. 21, 23-24 – Dkt. 76-1.)  Howarth's opinions as to any damage caused by the 2014 storm to Central Baptist's entire roofing system is less probative, if at all, and less comprehensive than the expert he hired to produce a report.  Howarth did not even walk the entire roofing system.  Howarth's testimony is not critical to the issues in this case, much less reliable.  His testimony is being offered merely to bolster Plaintiff's case and not for its probative value and should be excluded as needlessly cumulative evidence.  Aycock, supra, 769 F.3d at 1069 ("Testimony merely intended to bolster a party's case is more easily excluded under Rule 403 than testimony that forms a critical part of that case.")

## C.   Howarth's Estimate of Loss Presents Needless Cumulative Evidence.

Howarth expressed his opinions as to the effect of the December 2014 storm event to Central Baptists roofing systems in the estimate he prepared describing the scope and extent of damage and method of repair and/or replacement. Howarth's estimate is cumulative of the estimates prepared by MidSouth, a roofing company hired by Central Baptist to evaluate the scope and extent of damage and scope of repair and/or replacement.

As shown herein above, the major purpose of Rule 403 is to limit admissible evidence, even if relevant, because it has "scant or cumulative probative force,

dragged in by the heels for the sake of its prejudicial effect.'" <u>Aycock v. R.J. Reynolds Tobacco Co.</u>, 769 F.3d 1063, 1069 (11th Cir. 2014) (quoting <u>United States v. Meester</u>, 762 F.2d 867, 875 (11th Cir. 1985)).  Howarth is now a "fact" witness and his opinions expressed in his roofing estimate are of miniscule probative value when weighted against the interest in avoiding the presentation of cumulative evidence as to the scope and extent of damages particularly considering the estimates prepared by MidSouth for the.  For these reasons Howarth's opinions and estimate should be excluded, not only based on their cumulative and prejudicial effect, but also because they will confuse the jury and the waste time of the Court and the parties.  Fed. R. Evid. 403.

<u>**CONCLUSION**</u>

It is apparent Plaintiff intends to bolster its case by introducing Howarth's opinions as to the scope and extent of loss to Central Baptist roofing system by proffering his estimate into evidence.  However, having failed to qualify as an expert due to his lack of a sufficient report to satisfy Fed. R. Evid. 26(a)(2)(B), he is now offered as a "fact" witness according to Central Baptist's legal counsel.  Also plainly apparent is that Howarth hired an expert, Irmiter, to prepared a report on the scope and extent of loss, including method of repair and/or replacement.

Plaintiff's also hired MidSouth to prepare an estimate of loss regarding the asbestos tile roofs and the asphalt roofs.

Any testimony by Howarth should be excluded because the probative value of his opinions and estimate are largely outweighed by their prejudicial effect as cumulative evidence.  Fed. R. Evid. 403.  As a fact witness, and not an expert, Howarth cannot extrapolate from the work of others, like the MidSouth and Rowe estimates, as to the scope and extent of loss or the method of repair and/or replacement due to storm damage to Central Baptist property.

For the aforesaid reasons, Church Mutual respectfully requests an Order in Limine excluding any evidence of Howarth's opinions and estimate related to the scope and extent of loss, costs and methods to repair and/or replacement allegedly caused by the December 23, 2014 storm event to Central Baptist's property.  Such evidence is unduly prejudicial which substantially outweighs its probative value, as well as being unnecessarily cumulative evidence under Rule 403.

*SIGNATURE ON FOLLOWING PAGE*

Respectfully submitted, this the __17th__ day of __June__, 2019.

                                     __/s/ Peter H. Schmidt, II__

PETER H. SCHMIDT, II
Georgia State Bar No:     629512
*Attorney for Defendant*

TAYLOR, ODACHOWSKI, SCHMIDT
   & CROSSLAND, LLC
300 Oak Street, Suite 200
St. Simons Island, Georgia 31522
Phone:          (912) 634-0955
Fax:             (912) 638-9739
Email:          pschmidt@tosclaw.com

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that I have this day served counsel for all parties in the foregoing matter with a copy of ***Defendant's Motion in Limine and Brief in Support to Exclude Opinion Evidence Presented by Howarth, with proposed Order*** by filing same with the Clerk of Court using CM/ECF electronic filing system online, which will automatically send email notification of such electronic filing and will also forward a copy of same to the attorneys of record for all parties.

Respectfully submitted, this   17th   day of   June   , 2019.

> /s/Peter H. Schmidt, II
> PETER H. SCHMIDT, II
> Georgia State Bar No.    629512
> *Attorney for Defendant*

TAYLOR, ODACHOWSKI, SCHMIDT
   & CROSSLAND, LLC
300 Oak Street, Suite 200
St. Simons Island, Georgia   31522
Phone:    (912) 634-0955
Fax:    (912) 638-9739
Email:    pschmidt@tosclaw.com