**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| CENTRAL BAPTIST CHURCH OF ALBANY GEORGIA, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Case No. 1:16-CV-231 (LAG) |
| CHURCH MUTUAL INSURANCE INSURANCE COMPANY, | : : : | |
| Defendant. | : : | |

## **ORDER**

Before the Court is Defendant Church Mutual Insurance Company's Motion for Clarification and Reconsideration (Doc. 373) regarding the Court's August 11, 2020 Order (Doc. 371) that Defendant remove redactions of notations to photographs to be produced. In its Motion, Defendant argues again that the notations constitute metal impressions regarding the causation of the damage observed and requests that the Court reconsider that Order. (Doc. 373.)

After the *in camera* review and upon reconsideration, the Court finds that Steve Hall's notations on the photographs Defendant submitted for *in camera* review merely recorded, or reflected with words, his observations of what he saw and memorialized in the photographs. These notations are therefore discoverable. *See, e.g.*, *Coogan v. Cornet Transp. Co.*, 199 F.R.D. 166, 168 (D. Md. 2001) (holding that defendant's notes that "simply recorded his observations" constituted fact work product and compelling disclosure); *Judicial Watch, Inc. v. U.S. Dep't of State*, 2019 WL 2452325, at *4 (D.D.C. June 12, 2019) (holding that emails containing "factual observation[s]" constituted fact work product and compelling disclosure); *D.O.H. v. Lake Cent. Sch. Corp.*, 2015 WL 1538804, at *12 (N.D. Ind. Apr. 7, 2015) (holding that documents containing "first-hand observations" constituted fact work product). Defendant's Motion is **DENIED**.

**SO ORDERED**, this 18th day of August, 2020.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**